```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JILL MEYER,                                    :
                                               :
                        Plaintiff,             :
                                               :               **SUMMARY ORDER**
            -against-                          :               **12-CV-6337 (DLI) (ST)**
                                               :
ERIC K. SHINSEKI, Secretary,                   :
Department of Veterans Affairs,                :
                                               :
                        Defendant.             :
----------------------------------------------------------------x
```
**DORA L. IRIZARRY, Chief United States District Judge:**

Plaintiff Jill Meyer ("Plaintiff") brought this action against the Secretary[1] of the United States Department of Veterans Affairs ("Defendant") alleging that she was the victim of unlawful retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("retaliation claim").[2] *See* Verified Complaint ("Ver. Compl."), Dkt. Entry No. 1 at ¶¶ 41-46.

On November 6, 2014, Defendant moved for summary judgment on all three claims. *See* Mot. for Summ. J. ("S.J. Mot."), Dkt. Entry Nos. 26-29. Plaintiff opposed Defendant's motion on February 10, 2015. *See* Opp. to Mot. for Summ. J. ("Opp. Mot."), Dkt. Entry Nos. 30-33. Defendant's reply papers were served—and filed along with the S.J. Mot. and Opp. Mot.—on April 6, 2015. *See* Def.'s Reply Mem. in Further Supp. of Mot. for Summ. J. ("Def.'s Reply"), Dkt. Entry No. 34.

---

[1] As noted in United States Magistrate Judge Steven Tiscione's Report and Recommendation, pursuant to Federal Rule of Civil Procedure 25(d), Robert A. McDonald, the current Secretary of the Department of Veterans Affairs, has been substituted for former Secretary Shinseki. Report and Recommendation, Dkt. Entry No. 37 at 1.

[2] Plaintiff also alleged claims of religious discrimination in violation of the Civil Rights Act of 1964 and age discrimination in violation of the Age Discrimination in Employment Act. *See* Ver. Compl. at ¶¶ 47-67. However, in the memorandum of law opposing Defendant's Motion for Summary Judgment, Plaintiff explicitly abandoned those causes of action. *See* Pl.'s Mem. of Law in Opp. to Def.'s Mot. for Summ. J. ("Opp. Br."), Dkt. Entry No. 32 at 1 n.1.

On June 16, 2016, this Court referred Defendant's Motion for Summary Judgment to the Hon. Steven Tiscione, U.S.M.J. On July 28, 2016, Magistrate Judge Tiscione issued a thorough and well-reasoned Report and Recommendation ("R & R") recommending that this Court grant Defendant's Motion for Summary Judgment. *See generally* R & R. In sum, Magistrate Judge Tiscione determined that Defendant's motion should be granted because: (1) Plaintiff failed to establish a causal relationship between her protected activities and the adverse employment action necessary to make out a *prima facie* retaliation claim (*i.e.*, the causation element); and (2) even if Plaintiff had made out a *prima facie* retaliation claim, Defendant presented evidence supporting a legitimate, non-retaliatory reason for the adverse employment action and Plaintiff offered no evidence even remotely suggesting that the reason for her adverse employment action was pretextual. *See* R & R at 13-21 (causation), 21-29 (pretext). On August 12, 2016, Plaintiff timely filed objections to the R & R that were not objected to. *See* Pl.'s Objs. to R & R ("Objs."), Dkt. Entry No. 38.

For the reasons set forth below, the R & R is adopted in its entirety.

## DISCUSSION[3]

When a party objects to an R & R, a district judge must make a *de novo* determination as to those portions of the R & R to which a party objects. *See* FED. R. CIV. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). However, if a party "simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Antrobus v. New York City Dep't of Sanitation*, No. 11-CV-5434 (CBA) (LB), 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (internal citations and quotation marks omitted); *see also Rolle v. Educ. Bus Transp., Inc.*, No. 13-CV-1729 (SJF) (AKT), 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17,

---

[3] The Court assumes familiarity with the facts as outlined in the R & R. *See* R & R at 2-10.

2014) (explaining that to allow "a rehashing of the same arguments set forth in the original papers . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal.") (internal citations and quotation marks omitted). Similarly, the Court will not consider "arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." *Santiago v. City of New York*, No. 15-CV-517 (NGG) (RER), 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 26, 2016) (internal citation and quotation marks omitted). After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

Here, Plaintiff's objections are a prime example of attempting to relitigate issues that were briefed before, and decided by, a magistrate judge. To bear this out, one needs to only compare the arguments from the ten-page opposition memorandum submitted to Magistrate Judge Tiscione to those in the eight-page objections that were submitted to this Court. The arguments are identical. The following example speaks to the shortcomings of Plaintiff's "objections."

Attempting to create an issue of fact concerning Defendant's non-discriminatory and non-retaliatory reasons for the adverse employment action, Plaintiff wrote:

> There is a question of fact as to whether defendant had legitimate and non-retaliatory reasons to rescind [P]laintiff's offer of employment and whether such reasons were pretextual.
>
> Plaintiff categorically disputes the alleged legitimate and non-retaliatory reasons put forth by [D]efendant. More specifically, based upon her recitation of the material facts, [P]laintiff disputes the assertion that her employment history with [D]efendant's New Jersey facility rendered her unsuitable. Quite the contrary, her record, as well as the assessments provided by supervisors in Syracuse indicate that [P]laintiff was very competent and that hew New Jersey record was not sufficiently adverse to warrant the recission [sic] of the offer, especially in light of the lack of candidates in the first place.

3

Opp. Br. at 5. With the exception of one word, the submission to this Court is a mirror image:

> There is also a question of fact as to whether [D]efendant had legitimate and non-retaliatory reasons to rescind [P]laintiff's offer of employment and whether such reasons were pretextual.
>
> Plaintiff categorically disputes the alleged legitimate and non-retaliatory reasons put forth by [D]efendant. More specifically, based upon her recitation of the material facts, [P]laintiff disputes the assertion that her employment history with [D]efendant's New Jersey facility rendered her unsuitable. Quite the contrary, her record, as well as the assessments provided by supervisors in Syracuse indicate that [P]laintiff was very competent and that her New Jersey record was not sufficiently adverse to warrant the recission [sic] of the offer, especially in light of the lack of candidates in the first place.

Objs. at 5. In fact, Plaintiff asks even the same rhetorical question of both courts. *Compare* Opp. Br. at 9, *with* Objs. at 8. In both filings, Plaintiff argues that she sufficiently established causation. *Compare* Opp. Br. at 6-9, *with* Objs. at 1-4. In both filings, Plaintiff claims that she has exposed the proffered non-discriminatory reasons as a pretext. *Compare* Opp. Br. at 9-10, *with* Objs. 4-8. In both filings, the arguments are the same and the differences are, at best, aesthetic.

Turning first to causation, in both filings, the argument and the logical flaw is the same: Defendant provided undisputed evidence that it had no knowledge of Plaintiff's previous EEOC filings. Plaintiff merely proffered her own self-serving testimony, unsubstantiated by any of the evidence. *Compare* Opp. Br. at 8, *with* Objs. at 4. As Magistrate Tiscione explained, that argument cannot defeat Defendant's motion, since a plaintiff "may not merely argue that 'the jury might, and legally could, disbelieve the defendant,' without offering 'concrete evidence from which a reasonable juror could return a verdict in the plaintiff's favor.'" *Jian Long Li v. Li Qin Zhao*, 35 F. Supp.3d 300, 304 (E.D.N.Y. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)); *see also* R & R at 18-21; *Rodriguez v. Westbury Pub. Schs.*, No. 13-CV-4976 (LDW)

(SIL), 2015 WL 4459351, at *4 (E.D.N.Y. Jul. 15, 2015) ("The nonmoving party . . . must set forth concrete particulars showing that a trial is needed.") (internal citations and quotation marks omitted).

As for pretext, Plaintiff's objection to the R & R does little more than cite to additional documents in the record that further support the Magistrate Judge's conclusion that Defendant proffered a legitimate, non-pretextual reason for refusing to rehire Plaintiff. For example, as to her poor work evaluations, she merely challenges their accuracy. *See* Objs. 5-7. This is unavailing. As the Magistrate Judge explained, whether the reports were accurate or not, the fact remains that the poor work evaluations provided to Defendant would have given it a legitimate reason to rescind her conditional employment offer. *See* R & R at 21-29*; see also Sanghvi v. Frendel*, No. 00-7538, 2000 WL 1804506, at *1-2 (2d Cir. Dec. 7, 2000) (explaining that "unsatisfactory job performance" provides a "legitimate, non-discriminatory reason[]" for not hiring an individual).

## CONCLUSION

Upon due consideration and review, the objections are overruled; the R & R is adopted in its entirety; summary judgment is granted to Defendant; and this action is dismissed.

SO ORDERED.

Dated: Brooklyn, New York
      September 30, 2016

/s/
DORA L. IRIZARRY
Chief Judge